IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN KOPEN, an individual; on behalf of herself and all others similarly situated, ) ) ) ) ) Plaintiffs ) ) v. ) ) NATIONAL RECOVERY SOLUTIONS, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, ) ) ) ) ) ) ) Defendants ) ) | CLASS ACTION COMPLAINT<br><br>--and--<br><br>DEMAND FOR JURY TRIAL |

KAREN KOPEN ("Kopen" or "Plaintiff"), on behalf of herself and all others similarly situated, by way of Complaint against the Defendants, avers as follows:

## PARTIES

1. Kopen is a natural person.

2. At all times relevant to this Complaint, Kopen was a citizen of, and resided in, the Plymouth Meeting, Montgomery County, Pennsylvania.

3. At all times relevant to this Complaint, NATIONAL RECOVERY SOLUTIONS, LLC ("Defendant NRS") is a for-profit corporation existing pursuant to the laws of the State of New York.

4. Plaintiff is informed and believes, and on that basis alleges, that NRS maintains its principal business address at 6425 Dysinger Road, City of Lockport, Niagara County, New York.

5. JOHN AND JANE DOES NUMBERS 1 THROUGH 25 are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

6. Plaintiff is informed and believe, and on that basis allege, that JOHN AND JANE DOES NUMBERS 1 THROUGH 25 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted, and—with knowledge that such practices were contrary to law—acted consistent with and oversaw policies and procedures used by the employees of NRS that are the subject of this Complaint. These Defendants personally control the illegal acts, policies, and practices utilized by NRS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because NRS conducts business in this federal district and all or a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district.

## PRELIMINARY STATEMENT

9. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from Plaintiff and others similarly situated consumers. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

10. Such practices include, *inter alia*:

 (a) Leaving telephonic voice messages for consumers and others, which uniformly fail to provide meaningful disclosure of NRS's identity;

 (b) Leaving telephonic voice messages for consumers, which uniformly fail to disclose that the call is from a debt collector; and

(c) Leaving telephonic voice messages for consumers, which uniformly fail to disclose the purpose or nature of the communication (*i.e.* an attempt to collect a debt).

11. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

12. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 n.5 (3d Cir. 1991).

13. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1) - (6). Among the per se violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

14. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1) - (16). Among these per se violations are: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

15. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorneys' fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Honorable Court, pursuant to the FDCPA, and all other common law or statutory regimes.

## FACTS CONCERNING PLAINTIFFS

16. At all times relevant to this Complaint, Defendant NRS has alleged that Kopen incurred a financial obligation ("Kopen Obligation").

17. Kopen has never incurred any debts in connection with a business or commercial activity and, therefore, the Kopen Obligation, if truly an obligation owed by her, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

18. Kopen was, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

19. Kopen is informed and believes, and on that basis alleges, that at some point in time the original creditor of the Kopen Obligation either directly or through intermediate transactions assigned, placed, or transferred the Kopen Obligation to NRS for collection.

20. NRS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and the Internet.

21. NRS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. NRS contends that the Kopen Obligation is in default.

23. The Kopen Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. Within the one year immediately preceding the filing of this complaint, NRS placed numerous telephone calls to Kopen and left misleading telephonic voice messages ("Messages") on her cellular telephone's voice mailbox.

25. By way of limited example, the following are transcriptions of some of the Messages NRS left for Kopen on her cellular telephone:

   (a) "Hey Ms. Kopen, please give me a call back at 980-225-5560 extension number 128. Case number is 901197. Highly advises you to call back this is a serious business call. Thank you."

   (b) "Hey Karen this is John McNeal, please give me a call back at 980-225-5582 extension number 128. Claim number is 901197. This is a highly important business call and I highly advise that you give me a call back as soon as possible. Thank you."

26. Each of the Messages was left for Kopen in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

27. Each of the Messages was left by, or caused to be left by, persons employed by Defendant NRS as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. Each of the Messages are a "communication" as defined by 15 U.S.C. §1692a(2).

29. At the time Kopen received the Messages, she did not know any person named "John McNeal."

30. At the time Kopen received the Messages, she did not know that the Messages were from a debt collector.

31. At the time Kopen received the Messages, she did not know that the Messages concerned the collection of a debt.

32. The least sophisticated consumer would not know that the Messages were from a debt collector.

33. The least sophisticated consumer would not know that the Messages concerned the collection of a debt.

34. Each of the Messages failed to meaningfully identify NRS insofar as the Messages neither identified NRS by its company name as the caller nor disclosed the purpose or nature of the communication (*i.e.* an attempt to collect a debt).

35. Each of the Messages failed to disclose that the communication was from a debt collector.

36. NRS's act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

37. Defendant NRS's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

38. The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, failing to disclose the purpose of its call, and failing to indicate that it is a debt collector—in a manner understandable to the least sophisticated consumer – NRS engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is Defendants' policy and practice to leave telephonic voice messages for consumers, such as the Messages, that violate the FDCPA. Specifically, their policy and practice of:

   (a) Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of NRS's identity;

   (b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and,

   (c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, (*i.e.* an attempt to collect a debt).

40. On information and belief, Defendant NRS left messages on the telephone answering devices of more than 50 consumers in the Commonwealth of Pennsylvania where those messages are the same as or substantially the same as the Messages in that they failed to: identify NRS by its company name as the caller; disclose the purpose or nature of the communication (*i.e.* an attempt to collect a debt); and/or, disclose that the communication was from a debt collector.

## CLASS ALLEGATIONS

41. This action is brought as a class action. Kopen brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. This claim is brought on behalf of a Plaintiff Class, consisting of (a) all persons in the Commonwealth of Pennsylvania (b) for whom NRS left a telephonic voice message, in the form of the Messages, (c) that failed to identify NRS by its company name as the caller and/or failed to state that the call was for collection purposes (d) which Messages violate the FDCPA (e) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

43. The identities of all class members are readily ascertainable from the records of NRS and those companies and governmental entities on whose behalf it attempt to collects debts.

44. Excluded from the Plaintiff Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees of the Defendants and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

46. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) <u>Numerosity</u>: Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the

Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

(c) <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

(e) <u>Superiority</u>: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common

claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

47. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who, on information and belief, collect debts throughout the United States of America.

48. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and/or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification, seek to revise the class definition or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (AGAINST ALL DEFENDANTS)

51. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

52. Defendants violated the FDCPA. Defendants' violations with respect to the Messages included, but were not limited to, the following:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

   (b) Placing telephone calls without providing meaningful disclosure of NRS's identity as the caller in violation of 15 U.S.C. § 1692d(6);

   (c) Leaving telephonic voice messages which failed to disclose the purpose or nature of the communication (*i.e.* an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

   (d) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning

a consumer, which constitutes a violation of 15 U.S.C. §§ 1692e and 1692e(10);

(e) Failing to disclose in its initial oral communication with the consumer that NRS was attempting to collect a debt and that any information obtained would be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and,

(f) Failing to disclose in all oral communications that NRS is a debt collector in violation of 15 U.S.C. §1692e(11).

## PRAYER FOR RELIEF

53. WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

(a) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Kopen and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(b) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(B)(i);

(c) An award of the maximum statutory damages for the Plaintiff Class pursuant to 15 U.S.C. §1692k(a)(B)(ii);

(d) An incentive award, in the discretion of the Court, for the time, effort and expense incurred by Plaintiff in connection with this action;

(e) Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

(f) For such other and further relief as may be just and proper.

## JURY DEMAND

54. Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted,

DATED: November 5, 2014        By: _____
CRAIG THOR KIMMEL
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

*Attorney for Plaintiff, Karen Kopen, and all others similarly situated*